IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO S. GOMEZ,

    Petitioner,                      No. CIV S 09-1689 WBS KJM P

    vs.

CHUCK DE ROSA,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

    Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his sentence following his 2005 Solano County conviction for manslaughter. Petitioner argues his sentence violates the Sixth Amendment because he was given the upper of three possible terms for manslaughter without a jury finding that the upper term is appropriate. See Cunningham v. California, 549 U.S. 270, 288 (2007) (in California, only jury can find facts necessary for imposition of the upper term of three possible terms).

    Respondent has filed a motion to dismiss petitioner's habeas application as time-barred.

/////

/////

1

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year statute of limitations for habeas cases by persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The statute provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner was sentenced on April 5, 2005 to 15 years' imprisonment. Pet. at 6. Under Rule 8.308(a) of the California Rules of Court, petitioner then had 60 days to appeal his conviction or sentence to the California Court of Appeal. Petitioner did not appeal; thus his conviction became final under § 2244(d)(1)(A) on June 4, 2005. The limitations period began running the next day, and ran out on June 4, 2006. This action was commenced on June 12, 2009.

The only argument petitioner offers in opposition to respondent's motion is based on the nature of his claim. He suggests that the limitations period is waived for persons alleging that their sentence violates the Constitution. Petitioner fails to cite any controlling authority in support of this general argument, and the court is aware of none. To the extent petitioner's argument can be construed as saying that the limitations period did not begin to run until the

Supreme Court decided <u>Cunningham</u> in 2007, based on § 2244(d)(1)(C), the Ninth Circuit has found that while <u>Cunningham</u> may be applied retroactively on collateral review, it does not recognize a new constitutional right.  <u>Butler v. Curry</u>, 528 F.3d 624, 634-35 (9th Cir. 2008).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 24, 2010 motion to dismiss (#14) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 28, 2010.

_____
U.S. MAGISTRATE JUDGE

1/gome1689.157